UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BETTY RIVERS,

                           Plaintiff,

v.

DAVOL, INC., and
C.R. BARD, INC.,

                           Defendants.
_____

**REPORT AND RECOMMENDATION**

12-CV-00823(A)(M)

       Before me is the motion [6][1] of defendants Davol Inc. and C.R. Bard, Inc., for dismissal of plaintiff's Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the following reasons, I recommend that defendants' motion be granted in part and denied in part.

## BACKGROUND

       On November 28, 2011, plaintiff commenced this action in State of New York Supreme Court, County of Erie, seeking to recover for personal injuries allegedly sustained from a "Marlex Mesh" hernia repair product which was implanted in her during hernia repair surgery on November 25, 2008. Complaint [6-2], ¶9. Defendants removed the action to this court based on diversity of citizenship [1].

       Plaintiff's Complaint contains three causes of action: the first cause of action alleges that her injuries "were caused solely by the negligence of the Defendants in failing to use reasonable care in developing, inspecting, testing, assembling, designing, licensing, labeling, manufacturing, distributing, packaging, marketing, detailing, advertising and/or selling the

---

[1]     Bracketed references are to the CM/ECF docket entries.

aforementioned Marlex Mesh (id., ¶23). The second cause of action alleges that the defendants "expressly warranted that the Marlex Mesh was safe, effective, and reasonably fit for use by the Plaintiff", that it "did not conform to these express representations because the product was defective" and that "[a]s a result of Defendants' breach of express warranties, plaintiff . . . sustained severe, debilitating and permanent injuries" (id., ¶¶26, 27, 29). The third cause of action alleges that "the defendants knew the use for which [the Marlex Mesh] was intended and impliedly warranted the product to be merchantable quality and safe and fit for its intended use", that "contrary to the Defendants' implied warranties, the Marlex Mesh was not of a merchantable quality and was not safe for its intended use because the product was defective and unreasonably dangerous", and fact "[a]s a result of Defendants' breach of implied warranties, Plaintiff . . . sustained severe, debilitating and permanent injuries" (id., ¶¶31-33).

In moving to dismiss, defendants contend that the Complaint "is impermissibly vague and lacks the factual detail and specificity needed in order for Defendants to assess the causes of action pled or to prepare their defenses". Defendants' Memorandum of Law [6-1], p. 1. They argue that in order to serve to survive dismissal, the plaintiff's allegations must "raise a right to relief above the speculative level" (id., p. 3, *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (id., p. 4, *citing* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Defendants further argue that in addition to pleading deficiencies, plaintiff's allegations that "Defendants owed a duty to Plaintiff to adequately warn Plaintiff" of the risks associated with use of the Marlex Mesh (Complaint [6-2], ¶16) "fail as a matter of law. Under

New York law, Defendants owed no such de facto duty to Plaintiff. Actions involving a medical device and poke the learned intermediary doctrine . . . . Under the learned intermediary doctrine, when a manufacturer creates a product used by the medical community, the manufacturer owes a duty to warn the professional medical community - not the patient - of any potential dangers it knows of or should know of". Defendants' Memorandum of Law [6-1], p. 5 (citations omitted; emphasis in original).

In opposing the motion, plaintiff notes that "this action was originally commenced in New York State Supreme Court under applicable state court pleading standards . . . . Accordingly, the specificity that may be required in other jurisdictions is not necessary and the lack of such specificity is not fatal to the pleading." Plaintiff's Memorandum of Law [10] p. 2. She further argues that "[t]he complaint at issue more than sufficiently meets the pleading standards as set forth in *Twombly* and *Iqbal*". Id., p. 4.

**ANALYSIS**

**A.   Sufficiency of the Complaint's Allegations**

Although plaintiff argues that the sufficiency of the Complaint's allegations should be determined by reference to the laws of the State of New York (where it was filed), I disagree. Rule 81(c) provides that the Federal Rules "apply to a civil action after it is removed from a state court". Therefore, "[t]he Rule 12(b)(6) standard applies to complaints that were originally filed in state court and thereafter removed to federal court". Warren v. Fisher, 2011 WL 4073753, *2 (D.N.J. 2011). I also disagree with plaintiff's contention that her allegations comply with the requirements of Twombly and Iqbal: at best, they are "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice". Iqbal, 556 U.S. at 678. Therefore, if Twombly and Iqbal govern, then the Complaint should be dismissed, with leave to replead.[2]

However, Twombly and Iqbal are not the only guideposts to the pleading requirements of Rule 8(a). I must also consider Rule 84, which is not even mentioned in either of those cases. "The operation of Federal Rule 8(a) cannot be understood without a full appreciation of a number of provisions in the federal rules other than Rule 8 itself." 5 Wright, Miller, Kane, Marcus, Federal Practice & Procedure (Civil), §1203 (3d ed.). "[I]t is essential that we recognize that the Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure, and that no single Rule can consequently be considered in a vacuum". Nasser v. Isthmian Lines, 331 F.2d 124, 127 (2d Cir. 1964). "Disproportionate emphasis therefore may not be prudently accorded to one rule in disregard of another which comes into operation." Compania Maritima Transoceanica, S.A. v. Ocean Freighting & Brokerage Corp., 10 F.R.D. 129, 131 (S.D.N.Y. 1950).

As originally enacted, Rule 84 stated that "[t]he forms contained in the Appendix of Forms are intended to indicate, subject to the provisions of these rules, the simplicity and brevity of statement which the rules contemplate". 14 Moore's Federal Practice, §84App.02 (Matthew Bender 3d ed.). Despite that language, some courts held that compliance with the forms was not sufficient to avoid dismissal for failure to state a claim. *See*, e.g., Washburn v.

---

[2] "[D]ismissals for insufficient pleadings are ordinarily with leave to replead . . . . [O]utright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts." Stern v. General Electric Co., 924 F.2d 472, 477 (2d Cir.1991).

Moorman Mfg. Co., 25 F.Supp. 546, 546 (S.D.Cal. 1938) ("Plaintiff contends the complaint is sufficient under Federal Rules of Civil Procedure . . . and calls attention to forms given, which he claims in effect to have copied . . . . In the instant case no fact is stated to support the conclusion of 'implied contract' to pay. When the facts are simply and concisely stated in lucid fashion, and support such conclusion, the parties will be placed upon proof, otherwise the action fails"); Employers' Mutual Liability Insurance Co. of Wisconsin v. Blue Line Transfer Co., 2 F.R.D. 121, 123 (W.D.Mo.1941) ("It is contended . . . by the plaintiff that its complaint is in substantial compliance with the form prescribed by the Supreme Court in adopting the New Rules of Civil Procedure. An examination of the form supports plaintiff in its contention. However, these forms do not dispense with the necessity, as occasion may require, for a statement of certain details or particulars which would enable the defendant more readily to prepare and file a responsive pleading").

Rule 84 was therefore amended in 1946 in order to "discourage isolated results such as those found in Washburn . . . [and] Employers' Mutual". Rule 84 Advisory Committee Notes (1946 amendment). As amended, the Rule stated that the Appendix Forms "are sufficient under the rules". 14 Moore's, §84App.05.[3] "The amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient to withstand attack under the rules under which they are drawn, and that the practitioner using them may rely on them to that extent . . . . [P]leaders in the federal courts are not to be left to guess as to the meaning of the language in Rule 8(a) regarding the form of the complaint." Id.

---

[3] In its current form, Rule 84 states that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate".

"Many courts have recognized the tension between the Supreme Court's interpretation of Rule 8(a) in Iqbal and Twombly and Rule 84's provision that the form complaints are sufficient pleadings." Comfort Inn Oceanside v. Hertz Corp., 2011 WL 5238658, *8, n. 11 (E.D.N.Y. 2011). *See*, *e.g*., Automated Transaction LLC v. New York Community Bank, 2013 WL 992423, *2 (E.D.N.Y. 2013) ("[t]he two standards . . . cannot be reconciled"); Automated Transactions, LLC v. First Niagara Financial Group, Inc., 2010 WL 5819060, *3 (W.D.N.Y. 2010) (McCarthy, M.J.), adopted, 2011 WL 601559 (W.D.N.Y. 2011) (Arcara, J.) ("reconciling the dictates of Twombly and Iqbal with the Appendix Forms is not merely difficult, it is impossible").

"Some of the forms . . . would plainly fail the Iqbal / Twombly standard as they consist entirely of legal conclusions." Comfort Inn, 2011 WL 5238658, *8, n. 11. For example, Appendix Form 11 (formerly numbered Form 9, entitled "Complaint for Negligence") merely alleges that "on *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff". As the Second Circuit noted in Iqbal v. Hasty 490 F.3d 143, 156 (2d Cir. 2007) (subsequently reversed by Iqbal), while this form was "explicitly noted with approval" by the Supreme Court in Twombly,[4] the Court "took no notice of the total lack of an allegation of the respects in which the defendant is alleged to have been negligent, i.e., driving too fast, crossing the center line, running a traffic light or stop sign, or even generally failing to maintain a proper lookout".

---

[4] "A defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 would know what to answer." Twombly, 550 U.S. at 565, n. 10. Form 9 was subsequently renumbered as Form 11.

Similarly, Form 15 ("Complaint for the Conversion of Property") merely alleges that "[o]n *date*, at *place*, the defendant converted to the defendant's own use property owned by the plaintiff. The property converted consists of *describe*"; Form 18 ("Complaint for Patent Infringement") merely alleges that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling and using *electric motors* that embody the patented invention"; and Form 19 ("Complaint for Copyright Infringement and Unfair Competition") merely alleges that "[t]he defendant infringed the copyright by publishing and selling a book entitled ____, which was copied largely from the plaintiff's book".

Most courts which have directly addressed the conflict have concluded that the conclusory pleading standards exemplified by Rule 84's Appendix Forms control over the standards enunciated in Twombly and Iqbal. *See*, *e.g.*, Steuben Foods, Inc. v. Shibuya Hoppmann Corp. 2011 WL 3608064, *6 (W.D.N.Y. 2011) (Arcara, J.) ("The level of detail that plaintiff has provided so far matches the level of detail that would have been sufficient under [Rule] 84 had it chosen to use the complaint set out in . . . Form 18 . . . . The Court thus rejects defendant's argument to dismiss for failure to state a claim"); K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., ___F.3d___, 2013 WL 1668960, *5 (Fed. Cir. 2013) ("a proper use of a form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading . . . . [T]o the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control"); In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (same); Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("Rule 84 . . . provides [that] 'The forms in the Appendix [to the Rules] suffice under these rules'. The rules

referred to obviously include Rule 8(a)(2) . . . . Rule 84 and Form 13 may only be amended by the process of amending the Federal Rules, and not by judicial interpretation"); W.L. Gore & Associates, Inc. v. Medtronic, Inc., 778 F.Supp.2d 667, 675 (E.D.Va. 2011) ("the Federal Rules state that compliance with the forms is sufficient, and the Supreme Court's decisions in Twombly and Iqbal could not have amended the Federal Rules"); Comfort Inn, 2011 WL 5238658, *8, n. 11 ("neither Twombly nor Iqbal abrogated Rule 84's provision that use of the forms is sufficient compliance with the Rules").[5]

"In attempting to reconcile Rule 84 with Iqbal and Twombly, many courts have upheld complaints modeled on the forms only if they plead the exact type of claim as those in the forms." Comfort Inn, 2011 WL 5238658, *8, n. 11. *See*, *e.g*., Bill of Lading, 681 F.3d at 1336 ("[t]he Forms are controlling only for causes of action for which there are sample pleadings"); Robert Bosch Healthcare Systems, Inc. v. Express MD Solutions, LLC, 2012 WL 2803617, *4, n. 9 (N.D.Cal. 2012) (same); Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374, *2 (N.D.Cal. 2009) ("In the absence of any other form that . . . is made binding on the courts through Rule 84, the Court must apply the teachings of Twombly and Iqbal"); Automated Transaction, 2013 WL 992423, *4 ("to the extent that the Complaint pleads claims of direct infringement the Court will apply Form 18, and to the extent that it pleads claims of indirect

---

[5] *But see* Gudenas v. Cervenik, 2010 WL 987699, *3 n.2 (N.D.Ohio 2010), adopted, 2010 WL 1006532 (N.D.Ohio 2010) ("Presumably, certain of the Forms provided in accordance with Civil Rule 84 will be eliminated or modified . . . . [T]he allegations as set forth in Forms 11 and 15 would surely fail as legal conclusions of negligence and conversion couched as factual allegations, under Twombly and Iqbal").

infringement the Court will apply the *Iqbal/Twombly* plausibility standard"); Gradient Enterprises, Inc. v. Skype Technologies S.A., ___F. Supp.2d___, 2013 WL 1208565, **2, 4 (W.D.N.Y. 2013) (Larimer, J.) (same).

However, that approach ignores Rule 84's proviso that the Appendix Forms - covering a wide variety of claims, from simple negligence or contract disputes to complex patent infringement claims - are intended to "*illustrate* the simplicity and brevity that these rules contemplate" (emphasis added). "We give the Federal Rules of Civil Procedure their plain meaning", Business Guides, Inc. v. Chromatic Communications Enterprises, Inc. 498 U.S. 533, 540 (1991), and "a court called upon to construe a procedural rule should give effect, whenever possible, to every word and phrase contained in the rule's text". McIntosh v. Antonino, 71 F.3d 29, 35 (1st Cir. 1995).

The plain meaning of the word "illustrate" is "to make clear by giving examples" (Webster's Third New International Dictionary Unabridged), and an "example" means "a single particular item . . . that may be taken fairly as typical or representative of all of a group or type" (id.). *See also* Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("the simple requirements of Rule 8(a) . . . . are *exemplified* by the Federal Rules of Civil Procedure Forms") (*citing* Rule 84 and Appendix Form 9 (now Form 11), emphasis added). Therefore, limiting the applicability of Rule 84 to only those claims specifically covered by the Appendix Forms would not only ignore the word "illustrate", but would also violate the well-established principle that "a requirement of greater specificity for particular claims must be obtained by amending the Federal Rules". Jones v. Bock, 549 U.S. 199, 213 (2007); Swierkiewicz, 534 U.S. at 513 ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for

example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts . . . . *Expressio unius est exclusio alterius*") (emphasis in original).

Accordingly, I conclude that Rule 84 applies to all claims governed by Rule 8(a), not merely those for which a specific Appendix Form exists.[6] Thus, I am faced with an irreconcilable conflict between Iqbal's holding that conclusory allegations "do not suffice" to state a claim (556 U.S. at 678) and Rule 84's direction the conclusory allegations exemplified by the Appendix Forms "suffice under these rules". Applying the standards of Twombly and Iqbal would effectively amend Rule 84, yet "[c]ourts are not free to amend a rule outside the process Congress ordered." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997)." We have no power to rewrite the Rules by judicial interpretations." Harris v. Nelson, 394 U.S. 286, 298 (1969); Twombly, 550 U.S. at 569, n. 14.[7]

When confronted with "an irreconcilable conflict in Supreme Court authority", a district court should follow that authority which "more closely adheres to the traditional view".

---

[6] *See* CBT Flint Partners, LLC v. Goodmail Systems, Inc. 529 F.Supp.2d 1376, 1380 (N.D.Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason . . . for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement"); Hamilton, 621 F.3d at 818 ("The district court considered Form 13 irrelevant because it applies to F.E.L.A. claims by railroad workers. But that overlooks Form 13's broader significance. As incorporated by Rule 84, Form 13 makes clear that an allegation in *any* negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element") (emphasis in original); Doe v. Torres, 2006 WL 290480, *5 (S.D.N.Y. 2006) ("[b]ecause, pursuant to [Rule] 84, Form 9 must be considered sufficient for stating a claim of negligence, Doe's mere statement that the defendants were negligent in their provision of medical treatment to him is sufficient to survive a motion to dismiss").

[7] Ironically, while Twombly cites Swierkiewicz for the proposition that courts may not amend the Rules by interpretation, Swierkiewicz cites Rule 84's Appendix Form 9 (negligence) as exemplifying "the simple requirements of Rule 8(a)". 534 U.S. at 513, n. 4.

Stout v. International Business Machines Corp., 798 F.Supp. 998, 1001, 1007 (S.D.N.Y. 1992). I believe that the more "traditional view" is to apply the conclusory pleading standards deemed "sufficient" by Rule 84, rather than the standards enunciated in Twombly and Iqbal. Rule 84 "is, in every pertinent respect, as binding as any statute duly enacted by Congress . . . federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions". Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988); United States v. Magassouba, 544 F.3d 387, 411 (2d Cir. 2008).

Since the allegations of plaintiff's Complaint are less conclusory than the allegations illustrated by Rule 84's Appendix Forms, I conclude that they suffice to withstand dismissal.

B.     **Failure to Warn Plaintiff**

"It should be remembered, however, that a pleading or other paper may be letter-perfect in form but defective in substance." 12 Wright-Miller-Kane, et al., Federal Practice & Procedure (Civil) §3162 (2d ed.). Although I conclude that plaintiff's Complaint contains sufficient detail to withstand dismissal from a pleading standpoint, plaintiff does not dispute defendants' argument that they had no *substantive* duty to warn plaintiff directly (as opposed to her physician) of any defects in the product. *See* defendants' Memorandum of Law [6-1], p. 5; defendants' Reply Memorandum of Law [11], p. 4. Therefore, plaintiff's claim of failure to warn her directly (Complaint [6-2], ¶16) should be dismissed.

## CONCLUSION

For these reasons, I recommend that defendants' motion to dismiss [6] be granted to the extent of dismissing plaintiff's claim of failure to warn her directly of any defects in the Marlex Mesh product, but otherwise denied, without prejudice to a subsequent motion for summary judgment. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by May 28, 2013 (applying the time frames set forth in Rules) 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.


| | |
|---|---|
| Dated: May 10, 2013 | /s/ Jeremiah J. McCarthy<br>JEREMIAH J. MCCARTHY<br>United States Magistrate Judge |